Isaac N. Jenness, impleaded with Allen Fish v. Israel D. Carleton.

*Surviving partners.*

A firm is dissolved by the death of a partner.

A surviving partner cannot bind co-survivors by signing the firm name without their express authority or ratification.

Error to St. Clair. Submitted Jan. 16. Decided Jan. 31.

Assumpsit. Defendant Jenness brings error.

*Geer & Williams* and *E. W. Meddaugh* for plaintiff in error. Notice of dissolution of partnership need not be given where it results from the death of a partner (*Griswold v. Waddington*, 15 Johns., 57; *Vilas v. Farwell*, 9 Wis., 460; *Dickinson v. Dickinson*, 25 Gratt., 321; Pars. on Partnership, pp. 397, 449; Story on Partnership, §§ 319, 336, 339; Collyer on Partnership, §§ 120, 538); authority based on the partnership relation ends at once, *Atwood v. Gillett*, 2 Doug. [Mich.], 206; *Marlett v. Jackman*, 3 Allen, 287; 1 Dan. Negot. Inst., 279; 3 Kent's Com., 57; a surviving partner cannot bind a co-sur-

vivor by using the firm name, without special authority, general authority to settle the business of the firm being insufficient, *Long v. Story*, 10 Mo., 637; *Bank v. Norton*, 1 Hill, 572; *Palmer v. Dodge*, 4 Ohio St., 21; *Mitchell v. Ostrom*, 2 Hill, 520; *Parker v. Cousins*, 2 Gratt., 372; *Martin v. Kirk*, 2 Humph., 529; *Bank v. Humphreys*, 1 McCord, 388; *Smith v. Sheldon*, 35 Mich., 42; *White v. Tudor*, 24 Tex., 641; *Lange v. Kennedy*, 20 Wis., 279; *Van Valkenburg v. Bradley*, 14 Ia., 108; *Dickerman v. Bowman*, 14 Wis., 388; *Montague v. Reakert*, 6 Bush, 393; *Lumberman's Bank v. Pratt*, 51 Me., 563; *Moore v. Lackman*, 52 Mo., 323; *Merrit v. Pollys*, 16 B. Mon., 355; 1 Pars. N. & B., 146; Story on Partnership, §§ 322–8; the continuance of business by surviving partners for the purpose of closing it up does not raise a presumption that a new partnership has been formed, *Barry v. Briggs*, 22 Mich., 201; *People v. White*, 11 Ill., 341.

*Whipple & Voorheis* for defendant in error. Partnership liabilities are incurred as against third persons by allowing another to use one's name (*Smith v. Hill*, 45 Vt., 90; 1 Greenl. Ev., § 207) or holding one's self out as partner or allowing one's self to be held out as one, *Benedict v. Davis*, 2 McL., 347; *Buckingham v. Burgess*, 3 McL., 364, 549; 1 Pars. Cont., 155–8; a partnership may be implied (3 Kent's Com., 25) by the continuance of the survivors in business (1 Pars. Cont., 199; *Matteson v. Nathanson*, 38 Mich.), and they so continue in business at their own risk, *Goodburn v. Stevens*, 1 Md. Ch., 420; it is held that a surviving partner can bind the firm by giving a note to liquidate a previous account, *McPherson v. Rathbone*, 11 Wend., 96; *Ward v. Tyler*, 52 Penn. St., 393.

GRAVES, J. Carleton sued Allen Fish as survivor of the firm of A. & H. Fish, and Allen Fish and Isaac N. Jenness, the plaintiff in error, as survivors of the firm

of I. N. Jenness & Co., on a promissory note of which the following is a copy:

"$5,800.00.  PORT HURON, June 30th, 1877.

On demand we promise to pay to the order of I. D. Carleton five thousand eight hundred dollars at ———, with interest at 10 per cent. per annum, value received.

A. & H. FISH."

Endorsed on the back, "I. N. Jenness & Co."

Jenness made defense, and denied by affidavit all connection with the contract set up as his. At the trial the case was strongly contested, but the circuit judge directed a verdict for the plaintiff, and Jenness now asks a reversal on a bill of exceptions. The record states that the return contains substantially all the evidence given.

The declaration distinctly imports that there were two firms, and the evidence tends to show the same, and that one was composed of Allen Fish and Henry Fish, and the other of those persons and the plaintiff in error, and that these firms during several years were in close and almost constant business intercourse, and that defendant in error had numerous dealings with both firms, and was frequently a creditor. May 26, 1876, Henry Fish died, and thereby both firms were dissolved. And the evidence tends to show that at that time the defendant in error held a renewed note, and being one of a series of renewals, of the firm of I. N. Jenness & Co. June 30, 1877, and over a year after the dissolution caused by the death of Henry Fish, the defendant in error met with Allen Fish, and according to the tendency of the evidence, they then assumed to make some kind of settlement or adjustment whereby some lumber claims against defendant in error were applied on the note before mentioned, and deducted, and a new principal was produced as being the remnant of a debt from the firm of I. N. Jenness & Co. to defendant in error. At that time and in that transaction the note in suit was concocted. It was made and delivered as a note for the new principal just mentioned. Allen Fish wrote all the signatures,

and at once handed the paper over to defendant in error. The latter was privy to the transaction. He was aware that Henry Fish had died, and it is not pretended that he did not assert the claim when the note was given, and on its receipt, as a demand against the firm of I. N. Jenness & Co.

The law is settled that it was not competent for Allen Fish, after the death of the co-partner Henry Fish, to bind Jenness by new contracts on the strength of any right or authority derived from the former relation of co-partnership. After the death of a member, one partner cannot renew a partnership note nor even accept a bill previously drawn on the firm so as to bind any one but himself. 3 Kent's Com., 63 et seq.; 1 Parson's Cont., 201 et seq.

Therefore the note was not binding on the plaintiff in error unless he in some way authorized Allen Fish to subscribe it, or by some means thereafter ratified the act.

The import of the declaration and of the main evidence given to support it, is that the action is founded on the claim that Jenness' liability depended on his having been a member of the firm of I. N. Jenness & Co., and not upon any new and distinct relation. But passing this now, we observe that there was no evidence conducing to make out any conduct by Jenness to imply in Carleton's favor that Jenness had engaged in partnership relations with Allen Fish after the death of Henry Fish, and as just intimated, the declaration itself is not in harmony with any theory of liability springing from a relation of that kind. It describes both Jenness and Allen Fish as survivors of the firm of I. N. Jenness & Co., and necessarily conveys the statement that the liability imputed to Jenness was one which attached to him as a member of a firm composed of more persons than himself and Allen Fish, and is inconsistent with the notion of a liability as member of a firm composed of himself and Allen Fish alone.

In any event the separate acts of Allen Fish could not affect Jenness and subject him to liability as one holding himself out as one of a new firm composed of himself and Allen Fish.    There was no evidence tending to prove that Allen Fish was authorized to use Jenness' name either singly or as one of a firm, and after careful consideration we are satisfied that there was no evidence fairly tending to make out any ratification.  If this were otherwise, the utmost that could be said would be that there was barely enough to preclude an instruction to find for defendant.

The case was improperly dealt with.    There was no warrant for the direction to find for the plaintiff, and the judgment must be reversed with costs and a new trial ordered.

The other Justices concurred.